**JOYCE SOBEL (OSB# 92467)**
jsluckey@aol.com
**ATTORNEY AT LAW**
451 West Broadway, Suite 17
Eugene, Oregon 97401
T: (541)344-8085

**BARDIA FARD,** *pending pro hac vice admission*
bfard@acumenlawgroup.com
**ACUMEN LAW GROUP, LLC**
2338 W. Belmont Ave.
Second Floor
Chicago, Illinois 60618
T: (312) 212-3863
F: (312) 276-4933

*Attorneys for Olden Group, LLC*


# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION


| | |
|---|---|
| **UKRVAKTSINA**, a Ukranian state-owned Enterprise,<br><br>            Plaintiff,<br><br>    v.<br><br>**OLDEN GROUP, LLC**, an Oregon limited liability company; and **INTERFARM LLC**, a Ukranian company,<br><br>            Defendants. | Case No. 10-cv-06297-AA<br><br>**AFFIDAVIT OF OLEG YAROSCHUK IN SUPPORT OF OLDEN GROUP, LLC'S MOTION TO ASIDE DEFAULT ENTERED ON JANUARY 26, 2011 AND FOR LEAVE TO FILE A MOTION TO DISMISS UNDER *FORUM NON CONVENIENS*** |

Oleg Yaroschuk, as director of Olden Group, LLC, being over the age of 18, hereby declares that the following information is based upon my personal knowledge and is true and correct:

1.      I am the director of Olden Group, LLC ("Olden Group"), an entity formed under the laws of the State of Oregon.

2.      As director of Olden Group, I have the sole responsibility for handling all legal matters affecting Olden Group.

3.      Olden Group maintains a registered agent in the state of Oregon.

4.      I understand that Olden Group's registered agent was allegedly served with process in the above-captioned litigation ("Litigation") sometime on December 18, 2010.

5.      I did not receive notice of the Litigation until a few weeks after process was allegedly served on the registered agent because I was in Ukraine on business.

6.      Upon being adequately informed of the Litigation, I began to search for counsel to represent Olden Group's interest in the Litigation. Due to the complex and high-profile nature of the Litigation, it was very difficult for me to find counsel that could competently defend Olden Group and that Olden Group could afford.

7.      I was still in Ukraine on business for much of the time that I was searching for counsel in the U.S.; this fact substantially complicated and delayed my ability to interview and retain counsel.

8.      After unsuccessfully trying to retain counsel for over 1 month, I was finally referred to ACUMEN LAW GROUP, LLC by a business associate on February 3, 2011.

9.      Olden Group formally retained ACUMEN LAW GROUP, LLC on February 5, 2011.

AFFIDAVIT OF OLEG YAROSCHUK IN SUPPORT OF OLDEN GROUP, LLC'S MOTION TO
ASIDE DEFAULT ENTERED ON JANUARY 26, 2011 AND FOR LEAVE TO FILE A MOTION TO
DISMISS UNDER *FORUM NON CONVENIENS*

10.     Olden Group denies virtually all of the material allegations made by Ukrvaktsina, including, without limitation, the following allegations:

a.   Interfarm and Olden Group conspired to overcharge Ukrvaktsina for millions of dollars in vaccine purchases through acts of fraud, money laundering and other criminal acts. Olden Group and Interfarm carried out their scheme by, among other things, submitting false invoices and customs declaration forms and entering into sham contracts with each other, all for the purpose of deceiving Ukrvaktsina. Amend. Cmpl. ¶ 1.

b.   On information and belief, Mr. Yaroschuk does not exist but was fabricated to shield the true owners of Olden Group.  Amend. Cmpl. ¶ 24.

c.   Olden Group does not perform any work in the vaccine distribution chain. One of Olden Group's primary functions in the United States is to collude with foreign companies to launder money using apparently legitimate companies.  Amend. Cmpl. ¶ 31.

d.   Olden Group colluded with Interfarm to deceive Ukrvaktsina into paying artificially inflated charges. Amend. Cmpl. ¶ 31.

e.   Olden Group and Interfarm entered into the sham contracts to deceive Ukrvaktsina as to the actual price Interfarm was paying for the vaccines. Amend. Cmpl. ¶ 34.

f.   Interfarm and Olden Group conspired to fraudulently overbill Plaintiff by falsely representing the price Interfarm was paying for the vaccines on customs declaration forms and invoices. Amend. Cmpl. ¶ 39.

g.   Although Olden Group played no role in the procurement or distribution of any vaccine from Sanofi, Olden Group is in possession of at least $23 million of the monies paid by Ukrvaktsina to Interfarm. Amend. Cmpl. ¶ 52.

h.   Olden Group and Interfarm agreed to use Interfarm to launder the money to Olden Group bank accounts.  Olden/Interfarm contracts were entered into in Kiev, Ukraine, and in Russian language. Amend. Cmpl. ¶ 53.

i.   Defendants Interfarm and Olden Group, knowingly and falsely represented to Plaintiff the relationship between Olden Group and Interfarm and the extent to which Olden Group was involved in the procurement of vaccines from the manufacturer, Sanofi, as alleged specifically in ¶¶ 30, 31, 34, 35, 37, 41-52, as well as in this Count, with the intent that Plaintiff rely on those representations. Amend. Cmpl. ¶ 93.

j.  Said Defendants, and each of them, knowingly agreed and conspired with each other and/or others to defraud Plaintiff, and to knowingly and/or wantonly, recklessly, or negligently commit overt acts in furtherance of their conspiracy to defraud. Amend. Cmpl. ¶ 99.

11.  In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February _07_, 2011

OLDEN GROUP, LLC

Oleg Yaroschuk, its authorized agent and director

AFFIDAVIT OF OLEG YAROSCHUK IN SUPPORT OF OLDEN GROUP, LLC'S MOTION TO ASIDE DEFAULT ENTERED ON JANUARY 26, 2011 AND FOR LEAVE TO FILE A MOTION TO DISMISS UNDER *FORUM NON CONVENIENS*