FILED'11 MAY 23 09:24USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UKRVAKTSINA, a Ukranian state-
owned enterprise,
       Plaintiff,

    v.

OLDEN GROUP, LLC, an Oregon
limited liability company; and
INTERFARM, LLC, a Ukranian company,

      Defendants.

Civ. No. 10-6297-AA
OPINION AND ORDER

---

Kevin H. Kono
Davis Wright Tremaine, LLP
1300 S.W. Fifth Ave., Suite 2300
Portland, OR 97201

Mark J. MacDougal
Admitted Pro Hac Vice
Akin Gump Strauss Hauer Feld, Llp
Robert S. Strauss Building
1333 New Hampshire Ave., NW
Washington, DC 20036

1 - OPINION AND ORDER

Plato Cacheris
Admitted Pro Hac Vice
Trout Cacheris, LLP
1350 Connecticut Ave., NW
Suite 300
Washington, DC 20036
     Attorneys for plaintiff

Joyce Sobel
Attorney At Law
451 West Broadway, Suite 17
Eugene, OR 97401

Bardia Fard
Pending Pro Hac Vice Admission
Acumen Law Group, LLC
2338 West Belmont Ave.,
Second Floor
Chicago, IL 60618
     Attorneys for defendant Olden Group, LLC

AIKEN, Chief Judge:

Defendant Olden Group, LLC, filed a motion to set aside a default judgment entered on January 26, 2011, and a motion to dismiss under forum non conveniens. Defendant's motions are denied.

## BACKGROUND

Defendant, Olden Group, LLC, an Oregon limited liability company, seeks to set aside a judgment of default in favor of plaintiff, Ukrvaktsina, a Ukranian state-owned enterprise responsible for the procurement of pharmaceuticals and distribution to Ukranian hospitals, concerning defendant's failure to timely answer allegations of RICO, fraud, and civil conspiracy. In addition, defendant seeks leave to file a motion to dismiss under forum non conveniens.

On December 18, 2010, while defendant's director, Oleg

2 - OPINION AND ORDER

Yaroschuk, was overseas on business, plaintiff served defendant's authorized representative with the Amended Complaint. Defendant failed to file any appearance or otherwise answer the Amended Complaint, nor give notice of its intention to appear and defend prior to January 10, 2011, the statutory deadline mandated by Fed. R. Civ. P. 12(a)(1)(A)(I). This court granted plaintiff's request for Entry of Default against defendant on January 27, 2011 pursuant to Fed. R. Civ. P. 55(a) (doc. 12). Defendant filed the current motion on February 8, 2011.

## DISCUSSION

A court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). A finding of good cause is determined by three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party. U.S. v. Signed Personal Check No. 730 of Yubran Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). Although a "judgment by default is a drastic step appropriate only in extreme cases," a finding that any one of these factors is true is sufficient reasoning to refuse to set aside the default. Id. The party seeking to set aside the default bears the burden of proof on all three factors listed above. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

## I. Culpability

A defendant must prove a lack of culpability as part of the

3 - OPINION AND ORDER

"good cause" analysis allowing a court to set aside an entry of default. "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." TCI, 244 F.3d at 697. Whether a defendant's failure to answer was intentional depends upon a number of equitable considerations, including the length of the delay and whether the defendant has offered a credible, good faith explanation "negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking [sic], or otherwise manipulate the legal process." Id. (noting that "intentional" is applied where the conduct is deemed "willful, deliberate, or [shows] evidence of bad faith"). However, simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default. Yubran S. Mesle, 615 F.3d at 1092 (citing TCI, 244 F.3d at 696-97).

Defendant argues that its default was negligible at best and should be excused. I disagree. At the time this suit was initiated, defendant's director, Oleg Yaroschuk, the individual solely responsible for handling legal matters affecting defendant (Def.'s Mem. at 4), was conducting business in the Ukraine. Defendant argues that its default resulted from Yaroschuk's delayed awareness of the suit as well as his inability to retain counsel while overseas. I find that defendant's recitation of the events

4 - OPINION AND ORDER

resulting in default demonstrates culpable conduct.

On December 18, 2010, defendant's authorized representative was served with the Amended Complaint. Defendant argues that due to Yaroschuk's location, the registered agent was unable to timely inform him of the lawsuit. Def.'s Mem. at 4. Yaroschuk personally asserts that the delayed answer was justified given the "complex and high-profile nature" of this suit, compounded by his inability to retain adequate counsel for over one month while out of the country. Def.'s Ex. A, ¶¶ 6-8. I find this argument unpersuasive.

Defendant acknowledges Yaroschuk found adequate legal representation on February 3, 2011, and finalized the retention agreement on February 5, 2011. Def.'s Mem. at 5. At this time, defendant also acknowledges that Yaroschuk had spent over one month "unsuccessfully trying to retain counsel." Def.'s Mem. at 5. Although neither party stipulates a date upon which Yaroschuk became fully aware of the current lawsuit, defendant's stipulations imply that Yaroschuk was aware no later than January 3, 2011, seven days prior to the answer's due date. This court ordered a judgment by default against defendant on January 26, 2011, and defendant subsequently filed this motion on February 8, 2011.

Although defendant argues that the "mere 13 day delay" following the judgment by default demonstrates "simple carelessness" and is thus excusable, defendant fails to provide a credible, good faith explanation for its inability to contact or attempt to contact opposing counsel or this court between January

5 - OPINION AND ORDER

3, 2011 and February 8, 2011. Given that Yaroschuk was the only individual charged with handling defendant's legal matters, he was presumably informed of the legal consequences of failing to respond and "sufficiently sophisticated...to protect [the] interests" of defendant. TCI, 244 F.3d at 699 (citing Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987)); see also Richmark Corp. v. Timber Falling Consultants, Inc., 937 F.2d 1444, 1449 (9th Cir. 1991) (foreign defendant revealed familiarity with U.S. courts by retaining local counsel to protect its other interests).

Moreover, Yaroschuk's indisputable knowledge of the high stakes involved in this lawsuit constitutes intentional, and therefore culpable, conduct. See Franchise Holding II, LLC v. Huntington Rest. Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004) (considering knowledge of the "high stakes involved" where defendant failed to seek an extension of time as evidence of culpable conduct). The Ninth Circuit recognizes that the culpability of a defendant's failure to answer is founded on whether his "failure to answer was for understandable reasons, and in no way designed to obtain strategic advantage in litigation." TCI, 244 F.3d at 698; see also Gregorian v. Izvestia, 871 F.2d 1515, 1522 (9th Cir. 1986) (no culpability found where defendants failed to respond because they believed the court lacked subject matter jurisdiction under the Foreign Sovereign Immunities Act); Faulk v. Allen, 739 F.2d 461, 461 (9th Cir. 1984) (no culpability found where defendant failed to appear at a hearing because she was

6 - OPINION AND ORDER

leaving the country for medical treatment in Korea the following day). Defendant has failed to present any evidence indicating an understandable reason for default.

In light of the evidence in the record, I find that defendant's failure to timely respond did not constitute simple carelessness, and thus, defendant's conduct was culpable.

## II. Meritorious Defenses

To justify vacating a default judgment, a defendant must present the court with specific facts that would constitute a defense. TCI, 244 F.3d at 700. Defendant asserts three separate defenses: (1) defendant flatly denies plaintiff's allegations; (2) defendant argues the complaint asserts fraud with insufficient particularity; and (3) defendant maintains that the case should be dismissed on the grounds of forum non conveniens. Although defendant's burden is not "extraordinarily heavy," I find that defendant failed to present a sufficiently meritorious defense to warrant vacating the judgment by default.

### A. Factual Defense

First, defendant broadly denies "virtually all of the material allegations" brought by plaintiff. Def.'s Mem. at 6. However, "a mere general denial without facts to support it is not enough to justify vacating a default or default judgment." Franchise Holding II, 375 F.3d at 926; see also TCI, 244 F.3d at 700. Thus, defendant's first defense fails to demonstrate a meritorious defense.

7 - OPINION AND ORDER

B. Insufficient Particularity Defense

Defendant further argues that the Amended Complaint fails to state with particularity the circumstances constituting fraud, including the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Def.'s Mem. at 9. When a court determines whether to enter default judgment, it considers the three "good cause" factors, as well as the amount of money at stake, *the sufficiency of the complaint*, the possibility of disputes to any material facts in the case, and the public policy favoring resolutions of cases on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (emphasis added). Moreover, I have reviewed the Amended Complaint and find that defendant's argument is without merit. The Amended Complaint includes detailed information regarding the parties and non-parties involved (First Amended Complaint, ¶¶ 13-25), transaction information including dates and pricing (First Amended Complaint, ¶¶ 36, 38, 49), the banks involved in the alleged money laundering scheme, and the corresponding bank accounts. First Amended Complaint, ¶ 54. Defendant fails to provide evidence indicating a valid Rule 12(b)(6) claim, and therefore this defense fails.

C. Forum Non Conveniens

Finally, defendant maintains that this case should be dismissed on the principle of forum non conveniens. To prevail on a motion to dismiss based upon forum non conveniens, the moving

8 - OPINION AND ORDER

party must demonstrate that: (1) an adequate alternative forum exists; and (2) the balance of private and public interest factors favors dismissal. Cariajano v. Occidental Petroleum Corp., 626 F.3d 1137, 1145 (9th Cir. 2010). Furthermore, the Ninth Circuit recognizes that forum non conveniens "is a drastic exercise of the court's inherent power" and should be "employed sparingly." Id. at 1144. I find that defendant fails to sufficiently state a meritorious claim for dismissal under forum non conveniens.

An alternative forum is deemed adequate if: (1) the defendant is amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy. Id. at 1145. The Ninth Circuit holds that "adequacy" is assessed on a case-by-case basis, with the moving party bearing the burden of proof. Id. (citing Leetsch v. Freedman, 260 F.3d 1100, 1103 (9th Cir. 2001) (the "foreign court's jurisdiction over the case and competency to decide the legal questions involved" must be considered)). Defendant cites to one case that declared the Ukranian civil court system an adequate alternative forum, yet fails to provide any indication that the cited case is similar to the current case.

Given that defendant has failed to satisfy a fundamental element of the forum non conveniens framework, defendant's defense fails.

III. Prejudice

Finally, whether vacating the default judgment would prejudice plaintiff turns on whether plaintiff's ability to pursue its claim

9 - OPINION AND ORDER

will be hindered. TCI, 244 F.3d at 701 (internal citations omitted). Simply delaying resolution of the case does not constitute prejudice; rather, a delay must result in "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Id. (internal citations omitted). Defendant contends that vacating the default judgement merely  delays the final resolution of this case. I disagree.

This case involves a series of allegedly fraudulent transactions in excess of twenty million dollars between national and foreign entities. Plaintiff argues, and I agree, that the current delay as well as any further delay in the resolution of this case creates a greater opportunity for defendant to move and hide assets, thereby furthering the alleged conspiracy and consequently harming plaintiff's ability to recover damages. See Franchise Holding II, 375 F.3d at 926. Furthermore, plaintiff supplies millions of vaccinations to Ukraine citizens each year. Not only would further delay hinder plaintiff's ability to recover damages, but it could potentially impact plaintiff's ability to provide medical assistance to Ukraine citizens. Further delay also creates the real possibility that evidence in defendant's possession may be lost or destroyed. Finally, plaintiff has expressed concerns regarding the existence of defendant's director, Oleg Yaroschuk, and the true beneficial owners of defendant. Given the severity of the allegations involved, I find it curious that

10 - OPINION AND ORDER

defendant refused to present certification of Mr. Yaroschuk's identity in response to plaintiff's motion for certification, especially considering defendant's refusal was supported by a general discovery defense as well as the desire to prevent further delay in the resolution of this case. Had the judgement by default been vacated, the existence and identity of Mr. Yaroschuk would likely arise again during the course of litigation, thereby rendering defendant's refusal futile.

Given the severity of the allegations set forth in the pleadings, defendant's failure to provide any meritorious defense to the allegations, and defendant's conduct to date, I find that vacating the judgment of default would likely prejudice plaintiff.

<u>CONCLUSION</u>

Defendant's motion to set aside the default judgment entered on January 26, 2011 (doc. 15) is denied. Defendant's request for leave to file a motion to dismiss under <u>forum non conveniens</u> is also denied. Furthermore, plaintiff's subsequent motions for default judgment (doc. 19) and proof of declarant Oleg Yaroschuk's existence and identity (doc. 35) are denied as moot.

IT IS SO ORDERED.

Dated this 20th day of May 2011.


_____

Ann Aiken
United States District Judge

11 - OPINION AND ORDER